# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RAYMOND L. MOORE, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-14-448-RAW-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Raymond L. Moore (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 8, 1960 and was 52 years old at the time of the ALJ's decision. Claimant completed his high school education and one year of college. Claimant has worked in the past as a material handler. Claimant alleges an inability to work beginning February 1, 2005 due to limitations resulting from neck

3

and back pain, carpal tunnel syndrome, depression, obesity, hypertension, and diabetes.

**Procedural History**

On November 2, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 11, 2013, Administrative Law Judge ("ALJ") Lantz McClain conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. On February 20, 2013, the ALJ issued an unfavorable decision. On August 11, 2014, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to

pose appropriate hypothetical questions to the vocational expert; (2) failing to properly assess the medical and non-medical source opinions; and (3) failing to perform a proper credibility determination.

**RFC and Hypothetical Questioning of the Vocational Expert**

In his decision, the ALJ determined Claimant suffered from the severe impairments of morbid obesity, degenerative disc disease of the spine, hypertension, carpal tunnel syndrome, diabetes mellitus, depression, and pain disorder. (Tr. 11). The ALJ concluded that Claimant retained the RFC to perform light work except that Claimant could no more than frequently climb such things as ramps or stairs, balance, kneel, crouch, or crawl. Claimant could no more than occasionally stoop. The ALJ limited Claimant to avoid work above shoulder level and avoid the use of his hands for more than frequent handling, fingering, or feeling. Claimant was further restricted to simple, repetitive tasks, could relate to supervisors and co-workers only superficially, and should not work with the general public. (Tr. 14).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative job of inspector and hand packager. (Tr. 21). As a result, the ALJ found Claimant was not disabled from February 1, 2005 through the date of

the decision. Id.

Claimant first contends the ALJ did not include certain functional limitations in either the hypothetical questioning of the vocational expert or the RFC assessment. Specifically, Claimant was evaluated by Dr. Denise LaGrand on March 15, 2011. She diagnosed Claimant with Major Depressive Disorder, moderate; Pain Disorder, due to general medical condition; and Polysubstance Abuse/Dependence, in partial remission. She also assigned a GAF of 55. (Tr. 605). Dr. LaGrand evaluated Claimant's functional limitations and determined Claimant was moderately limited in being reliable (maintaining regular job attendance, etc.) and sustaining concentration and persistence on basic tasks. In a notation on the form, Dr. LaGrand noted that this latter restriction was "based (sic) his performance on memory tasks (repeating digits, remembering three words, etc), performing verbal mathematical operations, his response to general questions, and his ability (sic) stay on track in conversation." (Tr. 605-06).

The ALJ acknowledged Dr. LaGrand's report and findings. He accorded "some weight" to the opinion "regarding her medical finding as she had the opportunity to examine the claimant and offered her opinion based upon the examination signs and findings." He concluded, however, that it appeared Dr. LaGrand "heavily relied

6

on the claimant's reports in formulating her opinion." He then recognized Claimant's continuing drug and alcohol abuse and scant work history requiring parental financial support "which may indicate a (sic) ulterior motive to his mental health complaints." (Tr. 18-19).

In examining Dr. LaGrand's findings, she expressly based her findings on moderate limitation in attendance and sustaining concentration and persistence upon objective testing not subjective representations from Claimant. (Tr. 605-06). While affording the opinion "some weight", the ALJ does not specify which portions of the opinion he found to "apparently" rely upon Claimant's subjective complaints and which were based upon professional observation and test administration.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and

7

continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).

Since it appears the moderate limitations were given some weight by the ALJ and those findings are not subject to the taint of Claimant's subjective statements, the ALJ should have addressed them in his RFC assessment or explained the basis for their omission. It is clear that the restrictions would impair or impede Claimant's ability to engage in basic work activities and should have been considered.

Moreover, "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental

impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489.

Should the moderate limitations on attendance and concentration and persistence be included in the RFC, the hypothetical questions posed to the vocational expert should be modified to incorporate the restrictions. On remand, the ALJ shall reformulate his questions to mirror his RFC findings.

**Assessment of Opinion Evidence**

Claimant first challenges the ALJ's consideration of Dr. LaGrand's opinion was founded on faulty premises. As this Court noted, the ALJ speculated on the inordinate incorporation of Claimant's subjective statements into her opinion when she expressly stated that she based her opinion on a clinical interview, objective testing, and a review of the medical reports available to her. (Tr. 600, 606). The ALJ's discounting of the opinion based upon the assumed over reliance on subjective statements is not supported by the record or by Dr. LaGrand's own report.

The curious conclusion of an "ulterior motive to [Claimant's] mental health complaints" also troubles this Court. Again, the ALJ appears to speculate that Claimant malingering on his mental health symptoms in order to continue the financial support of his parents. No mental health professional has made such a conclusion and the ALJ is ill-equipped to do so.

"[T]he fact that a medical source relies on a plaintiff's subjective reports of her symptoms provides no basis for discrediting a medical opinion." Gonzales v. Colvin, 69 F. Supp. 3d 1163, 1170-71 (D. Colo. 2014) citing Nieto v. Heckler, 750 F.2d 59, 60-61 (10th Cir. 1984); Gutierrez v. Astrue, 2008 WL 5246300, at *4 (D.Colo. Dec. 15, 2008). "The ALJ's own disbelief of plaintiff's subjective complaints provides no basis on which to discredit an otherwise valid medical source opinion,8 since the ALJ may not substitute his lay opinion on the effect of medical findings for that of a medical professional." Id. citing Hamlin v. Barnhart, 365 F.3d 1208, 1221 (10th Cir. 2004); McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002)("A]n ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.") (emphasis in

original). On remand, the ALJ shall avoid speculative conclusions and re-evaluate the basis for Dr. LaGrand's findings and the weight he gave to her opinion.

### Credibility Determination

The ALJ discounted Claimant's credibility concerning his limitation to 30-45 minutes sitting, 15 minutes standing, and limitation in walking only to the back of a Wal-Mart. Claimant also testified he was taking medication for his depression but did not want to be around people. Claimant has a spotty work history but did work at Sherwin-Williams for two years delivering paint and loading trucks. (Tr. 15). The ALJ discounted the testimony under the tired, improper boilerplate language used by ALJs in general – "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." As this Court has stated, this statement impermissibly determines Claimant's RFC before considering his testimony.

Moreover, the ALJ bases his doubts as to Claimant's credibility on his history of drug and alcohol abuse with poor earnings record and "the claimant's association with drug dealers to earn money." (Tr. 15). This Court is not certain how either of

11

these facts are relevant to a credibility assessment since Dr. LaGrand found Claimant's substance abuse to be in partial remission and neither Claimant's testimony nor the medical record indicates Claimant's **current** association with undesirables.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the

individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

In this case, the ALJ neither affirmatively linked his credibility findings to the objective medical record nor proceeded through the required factors for making his determination. On remand, the ALJ shall reassess his credibility findings in light of the prevailing law and regulations.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of March, 2016.

*[signature]*
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE